UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



BUILDERS MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                       CIVIL ACTION NO: 2:09cv185

DRAGAS MANAGEMENT CORPORATION,

    Defendant, Crossclaim Plaintiff,
    and Crossclaim Defendant,

    and,

FIREMEN'S INSURANCE COMPANY
OF WASHINGTON, D.C.,

    Defendant, Crossclaim Defendant,
    and Crossclaim Plaintiff,

and

DRAGAS MANAGEMENT CORPORATION,
HAMPSHIRES ASSOCIATES, LC, and
DRAGAS ASSOCIATES X, LC,

    Counterclaim Plaintiffs,

v.

BUILDERS MUTUAL INSURANCE COMPANY,

    Counterclaim Defendant,

and

DRAGAS MANAGEMENT CORPORATION,

    Third-Party Plaintiff,

v.

HANOVER INSURANCE COMPANY, and
CITIZENS INSURANCE COMPANY OF AMERICA,

    Third-Party Defendants.

**DRAGAS MANAGEMENT CORPORATION,**

    **Plaintiff,**

**v.**                                           **CIVIL ACTION NO: 2:10cv547**

**HANOVER INSURANCE COMPANY, and
CITIZENS INSURANCE COMPANY OF AMERICA,**

    **Defendants.**

## SHOW CAUSE ORDER

This case comes before the court on Dragas Management Corporation's ("Dragas") motions for summary judgment in each of the above-captioned cases. See 2:09cv185, ECF# 117; 2:10cv547, ECF # 11. In considering the motions, the court has become concerned that counsel for Dragas is acting as a fact witness on contested issues before the court. In particular, the court is concerned with the Declaration of Kristan Burch filed in each case. See 2:09cv185, ECF #122; 2:10cv547, ECF # 16.

Virginia Rule of Professional Conduct 3.7 provides that "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness." The rule provides for three exceptions, but in the court's opinion the situation in these cases does not meet any of them because (1) the testimony offered by counsel relates to a contested issue; (2) the testimony does not concern the nature and value of legal services rendered in the case; and (3) the disqualification of the lawyer would

not work substantial hardship on the client because there are other ways to bring the evidence proffered by counsel through the declaration into the record. The rule does provide that "[a] lawyer may act as advocate in an adversarial proceeding in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by [the conflict of interest rules]."

Therefore, counsel for Dragas is **DIRECTED** to show cause within seven (7) days of the date of the filing of this order why Kristan Burch should not be ordered completely screened from the litigation in these cases or the evidence proffered by her through the declaration be stricken from the record. The Clerk is **DIRECTED** to forward a copy of this Show Cause Order to all counsel for the parties in both cases.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 28, 2011