**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

BUILDERS MUTUAL INS. CO.,

                Plaintiff,

v.                                        ACTION NO. 2:09cv185

DRAGAS MANAGEMENT CORP., et al.,

                Defendants.

**OPINION & ORDER**

On February 1, 2011, Counter-Defendants Builders Mutual Insurance Company (BMIC) filed a Motion to Amend Answer to Amended Counterclaim to Assert Known Risk as an Affirmative Defense (ECF No. 165). After considering the parties' arguments, as well as applicable law, and for the reasons stated herein, the Court GRANTS BMIC's Motion to Amend its Answer.

## I.      Factual and Procedural History

BMIC, as a Counter-Defendant, seeks leave to amend its answer to include an affirmative defense of known risk. This motion was filed on February 1, 2011, fourteen days before the close of discovery on February 15, 2011. Trial is currently scheduled on March 28, 2011. Rule 16(b) Scheduling Or., ECF No. 104. Counter-Plaintiff, Dragas Management Corporation (DMC) filed an opposition to BMIC's motion on February 17, 2011. Mem. in Opp'n, ECF No. 186. Finally, BMIC replied on February 24, 2011. Reply Br., ECF No. 194. This motion was referred to the undersigned on February 25, 2011.

BMIC specifically argues that under the umbrella policy that DMC purchased from BMIC in March 2008, DMC is precluded from coverage for damages related to Chinese Drywall if they had knowledge of any loss or damage caused by an occurrence prior to the policy period that continues through the date of coverage inception.   Mem. in Support of Mot. to Amend Answer at 4-6, ECF No. 166.  The policy in relevant part states as follows:

> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
> > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"
> > (2) The "bodily injury" or "property damage" occurs during the policy period; and
> > (3) Prior to the policy period, no insured listed . . . and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or part. If such a listed insured . . . knew, prior to policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change, or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

BMIC argues that this provision, the known risk provision, is an element of the prima facie case that DMC must establish to demonstrate that DMC is entitled to coverage.   Only in the alternative does BMIC request leave to amend should the court determine that known risk is an affirmative defense.  Mem. in Support at 3.  Under Rule 15, BMIC argues its motion should be granted because the Counter-Plaintiffs have not suffered undue prejudice, nor is the defense futile. DMC counters that allowing BMIC to add an additional affirmative defense would cause undue prejudice, and would be futile.  Mem. in Opp'n.

## II.   Discussion

1. "Known Risk" is An Affirmative Defense

As a threshold matter, Counter-Defendants BMIC claim that they need not seek this Court's leave to amend because the "known risk" provision operates as an element that must be established to gain coverage and need be proven by the counter-Plaintiffs; it is not an affirmative defense.   This Court's survey of relevant cases demonstrate that known risk provisions, a common section within a commercial insurance contract, has been consistently treated as an affirmative defense in this jurisdiction.   See e.g., Stonehenge Eng'g Corp. v. Employers Ins. of Wausau, 201 F.3d 296, 301 (4th Cir. 2000) ("[T]he known loss doctrine . . . is a common law affirmative defense to an insured's claim of policy coverage."); Fuisz v. Selective Ins.  Co. of Am., 61 F.3d 238, 242 (4th Cir. 1995) ("Because the known loss doctrine is an affirmative defense, the burden of proving the doctrine's applicability rests with the party asserting it."); O'Neal v. Carolina Farm Supply of Johnston, Inc., 309 S.E.2d 776, 779 (S.C. Ct. App. 1983) (stating that the party asserting affirmative defense bears the burden of proving such). In accordance with this precedent, this Court will treat the known risk provision as an affirmative defense, and as such BMIC must seek this Court's leave to amend their answer to include this defense.

Further, BMIC has not waived this defense by failing to plead it in their original answer. Although failure to plead an affirmative defense in a responsive pleading can result in a waiver of that defense, only where the affirmative defense would result in unfair surprise or prejudice to the opposing party will it be deemed waived.   See Williams v. The Grandall Co., 990 F. Supp. 442, 446 (E.D. Va. 1998) (finding a defense was waived where it first appeared in a motion for partial summary judgment, after the close of discovery, and raised a new theory); see also

3

Vermont Mutual Ins. Co. v. Ammie M. Everett et al., 875 F. Supp. 1181, 1189 (E.D. Va. 1995) ("[T]he majority of federal circuit courts have held that when a defendant raises an affirmative defense in a manner that does not result in unfair surprise to the other party, noncompliance with Rule 8(c) will not result in waiver of the affirmative defense."). The party opposing the amendment bears the burden to demonstrate that they would suffer prejudice as a result of the proposed amendment. Vermont Mut. Ins. Co., 875 F. Supp. at 1189 (citing Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1164 (4th Cir. 1985)). Counter-Plaintiffs DMC have not alleged that the known risk affirmative defense has been waived, nor have they alleged unfair surprise. Therefore, the Court finds that that known risk is an affirmative defense that must be pled by the Counter-Defendants, but finds that BMIC has not waived this defense by failing to assert it in their original answer. Prejudice to DMC will be discussed below.

   2. Standard of Review for Leave to Amend

   Since known risk is an affirmative defense, BMIC must seek this Court's leave to amend their answer. Federal Rules of Civil Procedure 15 provides that the decision to grant or deny leave to amend is within the sound discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Under Rule 15 (a)(1)(A), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleading in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The strong policy in favor of freely granting leave to amend "reflects the importance of deciding a case on its merits rather than through disposing of them on technicalities." Sciolino v. City of Newport News, 480 F.3d 642, 651 (4th Cir. 2007).

   The Supreme Court "has long held that 'this liberal mandate is to be heeded.'" Foman, 371

U.S. at 182.   However, this mandate is tempered where a proposed amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986); Foman, 371 U.S. at 182). While it is "axiomatic that almost every amendment . . . results in some prejudice," the relevant test is whether the opposing party would suffer from "undue prejudice." Smithfield Foods Inc. v. United Food and Commercial Workers Int'l Union, 254 F.R.D. 274, 277 (E.D. Va. 2008). Undue prejudice could be shown if the amendment would require the parties to "engage in significant new preparation" or would result in "added expense and the burden of a more complicated and lengthy trial." Id. (citing Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997)).   The Fourth Circuit has also noted that "where an amendment is offered shortly before trial," and after the close of discovery, prejudice could result where the amendment may raise an entirely new legal theory. Johnson, 785 F.2d at 510.   It is well-established that "delay alone" is insufficient to deny leave to amend.   Id. at 509.   Delay could become a factor, however, if it can be established that the information was long known to the movant, but the party has waited until after the close of discovery to request leave to amend. See First Nat'l Bank v. Master Auto Service Corp., 693 F.2d 308, 314 (4th Cir. 1982).

Further, a court may deny leave to amend if the proposed amendment would be "futile." Johnson, 785 F.2d at 509.   A proposed amendment would be futile "only where it is legally insufficient on its face." Smithfield, 254 F.R.D. at 279 (citing Gallegos v. Bandeis Sch., 189 F.R.D. 256, 258 (E.D.N.Y. 1999)).   Even where the possibility of relief is remote, "leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood," that guides the court's analysis. Id.   If the amendment sets forth facts that, if true, would entitle a

party to relief, "then futility is not a proper basis on which to deny the amendment." Id.

The Court will consider undue prejudice to DMC and futility of the proposed amendment below.[1]

3. Undue Prejudice

The purpose of Federal Rule of Civil Procedure 8(c) is to give opposing parties "notice of the affirmative defense and an opportunity to argue why the defense is inappropriate." Blonder-Tongue Labs v. Univ. of Illinois Found., 402 U.S. 313, 350 (1971).  Under the liberal standards that favor granting leave to amend, courts have been reluctant to adhere strictly to the requirements of Rule 8(c) when the goals of the rule have otherwise been met; notice and opportunity to prepare.  Facts that have swayed a court to deny leave to amend include those where parties seeking to amend have waited until after the close of discovery to file their motion seeking amendment, have contributed to the delay in discovery, and have sought to interject new and complex legal theories after discovery has closed. See Master Auto Service, 693 F.2d at 314 (motion to amend was made nineteen days before trial); Smithfield, 254 F.R.D. at 280 (motion was filed one month after close of discovery and Smithfield had not "been entirely forthcoming with documentation detailing" evidence of affirmative defense); Williams, 990 F. Supp. at 446 (affirmative defense was first raised in partial summary judgment one month after close of discovery); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922 (4th Cir. 1995) (affirming lower court in "refusing to inject the defense of fraud" where the claim would have "required substantial new discovery regarding third-party activity").

BMIC claims that the information necessary for them to assert their affirmative defense of known risk only came into their possession after the depositions of several DMC employees and subcontractors.  Mem. in Support at 13.  At the same time, BMIC also admits to receiving,

---

[1] DMC does not allege that BMIC is acting in bad faith when seeking this motion for leave to amend their answer.

from DMC, "documents suggesting that Dragas may have had prior knowledge of the property damage" as early as November 2010.  Id.  The contradiction suggests that BMIC may have delayed in filing this motion for leave to amend.  The Fourth Circuit has said, however, that delay alone is not enough to deny leave to amend.  Johnson, 785 F.2d at 509.  BMIC filed their motion for leave to amend on February 1, 2011, and discovery did not end until February 15, 2011.  Cases cited by both parties suggest that only where combinations of factors, notably failure to raise an affirmative defense until far after the close of discovery, were present did the court deny leave to amend. In this instance, BMIC did file this motion prior to the close of discovery and the bulk of the information upon which BMIC is basing its claim of known risk was acquired from DMC.  DMC provides this Court with no specific allegation of prejudice other than generalized concerns of prejudice which are present in any case where a party seeks to amend.  By permitting the amendment, DMC will not be stripped of notice or opportunity to defend.

Further, this Court finds notable that the known risk defense is dissimilar to the complex defense of fraud asserted by defendants in Lone Star, a case frequently cited by DMC.  43 F.3d 922. The affirmative defense of known risk is based on contractually drafted language common to many commercial insurance contracts of the type that the parties would be familiar. Additionally, it is based on documents within DMC's possession and have already been exchanged during discovery.  There is no obvious additional complexity, which would result in undue prejudice to DMC as it prepares for trial.  DMC has not met its burden to demonstrate that it would suffer undue prejudice should the Court grant BMIC's motion to amend its answer.

4. Futility

Leave to amend may be denied where the amendment would be futile. See Johnson, 785

F.2d at 509; <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 606, 613 (4th Cir. 1980).  Denial based on futility can only be found where "the proposed amendment is clearly insufficient or frivolous on its face." <u>Johnson</u>, 785 F.2d at 510 (citing <u>Davis</u>, 615 F.2d at 613).  Courts have read proposed amendments broadly in favor of the movant.  <u>See, e.g.</u>, <u>id.</u> (refusing to find futility where there was a possibility that a state's law may apply and provide relief); <u>Sciolino</u>, 480 F.3d at 651 (reading the proposed amendment "liberally in favor of the plaintiff" to find that the proposed amendment could be construed to provide the necessary connection between the plaintiff and the acts alleged).   Reading BMIC's proposed affirmative defense liberally in its favor, the Court finds that BMIC has met its burden to establish that under a theory of known risk, BMIC could receive at least partial relief.  Moreover, in at least one other Chinese Drywall case, known risk has been successfully asserted, suggesting its applicability in the case at hand.  <u>See</u> <u>Amerisure Ins. Co. v. Albaneses Popkin, et al.</u>, 2010 LEXIS 125918, at *13-18 (S.D. Fla. Nov. 30, 2010).  BMIC's proposed amended answer would not be futile.

### III.   <u>Order</u>

For the foregoing reasons, the Court ORDERS the Counter-Defendant BMIC's Motion to Amend Answer to Amended Counterclaim to Assert Known Risk as an Affirmative Defense (ECF No. 165) be GRANTED.

The Clerk is DIRECTED to file Counter-Defendant BMIC's Proposed Amended Answer to Amended Counterclaim (ECF No. 166-3).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 11, 2011