UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY,<br>Plaintiff/Counterclaim Defendant | ) ) ) | |
| v. | ) ) | |
| FIREMEN'S INSURANCE CO. OF WASHINGTON, D.C.,<br>Defendants/Crossclaim Plaintiff/<br>Crossclaim Defendant | ) ) ) ) | |
| and | ) | Civil Action No. 2:09-cv-185 |
| DRAGAS MANAGEMENT CORPORATION,<br>Defendant/Crossclaim Plaintiff/<br>Crossclaim Defendant/Counterclaim Plaintiff/<br>Third-Party Plaintiff | ) ) ) ) ) | |
| v. | ) ) | |
| HANOVER INSURANCE CO., and<br>CITIZENS INSURANCE CO. of AMERICA,<br>Third-Party Defendants. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE BY BUILDERS MUTUAL INSURANCE COMPANY

Builders Mutual Insurance Company ("BMIC"), in support of its Motions in Limine, and pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, respectfully states as follows:

### Introduction

Fed. R. Evid. 103 (c) contemplates that in jury cases "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." The following three matters are best dealt with summarily prior to opening statements at trial.

I.   **Any Mention or Attempt to Elicit Evidence Regarding Attorney's Fees Should be Precluded in the Absence of Any Admissible Evidence of the Reasonableness of Attorney's Fees.**

BMIC moves in limine to bar any of the Dragas entities from mentioning or attempting to elicit any evidence whatsoever regarding attorneys fees.

In Virginia a party requesting an award of attorney's fees must establish a *prima facie* case that the fees requested are reasonable. See Chawla v. BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d 829, 833 (1998). Such party has the burden "to present a prima facie case that the requested fees are reasonable and that they were necessary." West Square, L.L.C. v. Communication Technologies, Inc., 274 Va. 425, 433, 649 S.E.2d 698, 702 (2007). The proponent must "establish, as an element of the attorney's *prima facie* case, that the fees charged ... are reasonable." Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd., 253 Va. 93, 480 S.E.2d 471, 473 (1997). The Dragas entities apparently seek attorney's fees under various theories, none of which are obvious other than bad faith, which is established by statute. The Dragas entities thus bear the burden of proof.

Under Virginia law, in deciding whether a party has shown the reasonableness of the attorney's fees,

> the fact finder may consider, *inter alia,* the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

Chawla v. BurgerBusters, Inc., id. See also Mullins v. Richlands Nat'l Bank, 241 Va. 447, 403 S.E.2d 334, 335 (1991) (when determining if the party has met that burden, "the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.")

2

"Ordinarily, expert testimony will be required to assist the fact finder," in determining what are reasonable attorney's fees under the facts and circumstances of the particular case. Mullins, 241 Va. at 449, 403 S.E.2d at 335. Here, none of the Dragas entities ever identified an expert witness who would testify as to the reasonableness of any attorney's fees. Nor did any of the Dragas entities properly or timely designate such expected expert testimony pursuant to the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and our Rule 16(b) Scheduling Order (Document 104, dated August 25, 2010). Accordingly, as a result of these omissions, none of the Dragas entities have any ability to put on expert testimony as to the reasonableness of any attorney's fees, or even one of the various factors.

There is one exception to the rule requiring expert testimony, but it is inapplicable. In Tazewell Oil Co., the evidence as to reasonableness included three hundred pages of the law firm's detailed contemporaneous billing records, plus affidavits from attorneys in the firm as to the accuracy and reasonableness of the bills. See Tazewell Oil Co. v. United Va. Bank, 243 Va. 94, 111, 413 S.E.2d 611, 620 (1992) (holding affidavits and extensive billing records sufficient). Nevertheless, a court should "weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services." Holmes v. LG Marion Corp., 258 Va. 473, 479, 521 S.E.2d 528, 533 (1999) (quoting Beale v. King, 204 Va. 443, 446, 132 S.E.2d 476, 478-79 (1963)). See Peter Farrell Supercars, Inc. v. Monsen, 82 Fed.Appx. 293, 300 (4th Cir. Dec. 3, 2003) ("The district court did not abuse its discretion in deciding to award attorney's fees because it carefully followed the dictates of the Virginia Supreme Court and conducted a detailed analysis of the billing records before determining that the rates charged were reasonable.").

The Tazewell exception to the expert witness requirement is not available here. None of the Dragas entities ever provided attorney affidavits as to the accuracy and reasonableness of the bills, and discovery closed more than one month ago, on February 15, 2011. Nor are any such attorney affidavits listed as proposed exhibits by the Dragas entities. With respect to detailed contemporaneous billing records, while the Dragas entities may have made some responsive documents available for inspection in October and November of 2010, the Dragas entities never produced copies of any detailed contemporaneous billing records, nor offered to supplement any inspection before discovery closed. And although the simple amounts of some attorney's fees were listed in an interrogatory answer, no witness identified by the Dragas entities is qualified and designated to speak to the necessity and reasonableness of specific legal tasks, or any of the other factors.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. This Court has granted a motion in limine to exclude medical bills both on relevance grounds and pursuant to Fed. R. Evid. 403. "Here, there is a substantial possibility of jury confusion if the medical bills were introduced to prove pain and suffering." Payne v. Wyeth Pharms., Inc., 2008 U.S. Dist. LEXIS 91849 (E.D. Va., Norfolk, Nov. 12, 2008).

In the absence of any possible way to prove the reasonableness of attorney's fees, allowing the Dragas entities to mention them in opening or elicit any evidence of attorney's fees would be irrelevant, immaterial, misleading or confusing to the jury, more prejudicial than probative, and a waste of time and judicial economy.

**II.     Any Mention or Attempt to Elicit Evidence Regarding Bad Faith Should be Precluded in the Absence of Any Admissible Evidence as to Damages.**

In Virginia, the only damages available for a bad faith claim, as expressly set forth in Code of Virginia § 38.2-209 (A), are "costs and reasonable attorney's fees."

> § 38.2-209. Award of insured's attorney fees in certain cases.
>
> A. Notwithstanding any provision of law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy or fidelity bond or the extent to which his insurer is liable for compensating a covered loss, the individual insured shall be entitled to recover from the insurer **costs and such reasonable attorney fees** as the court may award. However, these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy. "Individual," as used in this section, shall mean and include any person, group, business, company, organization, receiver, trustee, security, corporation, partnership, association, or governmental body, and this definition is declaratory of existing policy.

(emphasis added).

As shown above, the Dragas entities lack an appropriate evidentiary basis to show reasonable attorney's fees. Since there is no evidence for trial in support of the damages element of its one count of bad faith, there is no point in wasting the Court's time or confusing and misleading a jury with documents and testimony elicited in support of other elements of the count of bad faith. See e.g. CUNA Mut. Ins. Soc. v. Norman, 237 Va. 33, 39, 375 S.E.2d 724, 727 (1989) (listing factors for a bad faith analysis such as "whether reasonable minds could differ in the interpretation of policy provisions defining coverage and exclusions; whether the insurer had made a reasonable investigation of the facts and circumstances underlying the insured's claim; whether the evidence discovered reasonably supports a denial of liability....") BMIC moves in limine to bar all such bad faith evidence as irrelevant, immaterial, more prejudicial than probative, and a waste of time. Fed. R. Evid. 402; Fed. R. Evid. 403.

### III.   Testimony by Purported Expert Richard S. Glasser Should be Excluded at Trial.

The Dragas entities identified local attorney Richard S. Glasser as an expert witness, and designated expected testimony.  A copy of his report is attached as Exhibit 1.

Mr. Glasser appears to be designated to opine on the Dragas entities undertaking voluntary payments and making subjective, unilateral decisions to institute remediation despite the obvious absence of any legal obligation.   Any testimony of this witness is barred as inappropriate lay opinion testimony under Fed. R. Evid. 701, inappropriate expert opinion testimony under Fed. R. Evid. 702, irrelevant and immaterial under Fed. R. Evid. 402, and far more prejudicial than probative under Fed. R. Evid. 403.

This Court, relying in part on United States v. Dorsey, 45 F.3d 809, 813 (4th Cir. 1995), granted motions to exclude expert testimony that was likely to only mislead a jury.

> In determining whether the evidence will be helpful to the trier of fact, the United States Court of Appeals for the Fourth Circuit has stated that "a judge must be mindful of other evidentiary rules," specifically Federal Rule of Evidence 403. Dorsey, 45 F.3d at 813. Rule 403 permits the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…." The Supreme Court has stated that a trial judge must be particularly concerned with Rule 403 with regard to expert testimony because of the difficulty in evaluating expert evidence. Daubert, 509 U.S. at 595. Expert testimony has potential to mislead the jury, since the jury may attach more significance to the testimony than is reasonably [*12] warranted. United States v. Lester, 254 F. Supp. 2d 602, 607 (E.D. Va. 2003).

> The proponent of expert testimony has the burden of establishing admissibility by a preponderance of the evidence. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). "In making its [admissibility] determination [a court] is not bound by the rules of evidence except those with respect to privileges." Fed. R. Evid. 104(a). In addition, "a trial judge has a great deal of discretion in deciding whether to admit or exclude expert testimony." Dorsey, 45 F.3d at 814.

Bridgeman v. Deere & Co., 2009 U.S. Dist. LEXIS 57250, 11-12 (E.D. Va., Norfolk, Feb. 13, 2009).

As a preliminary matter, Mr. Glasser is not a fact witness because he has no personal knowledge of the facts of this case. He is thus ineligible to testify pursuant to Fed. R. Evid. 602. Only a proper showing under Fed. R. Evid. 702 would Mr. Glasser to testify – as an expert.

If the Court allows any testimony as to facts short of a money judgment (such as "threats of litigation" to establish that the Dragas entities' were somehow "legally obligated to pay"), then allowing Mr. Glasser to testify as set forth in his designation would invade the province of the jury for two reasons. First, much of his expected testimony amounts to opining on the credibility or subjective mindset of the Dragas entities themselves, which is improper and prohibited. See e.g. Kidd v. Wal-Mart Strokes, Inc., 2009 U.S. Dist. LEXIS 105668 (E.D. Va., Richmond, Nov. 12, 2009)(motion in limine granted where defendants attempted to have doctor experts give opinion testimony that goes to the truthfulness of the plaintiff). Second, Mr. Glasser's testimony about common legal theories and identifying sources of legal obligation would improperly invade the Court's province on instructing the jury on the law.[1]

If the Court rules (as BMIC advocates) that legal obligation remains a question of law for the Court to determine, then Mr. Glasser's testimony is little more than advocacy, legal argument, and legal conclusions from the witness stand. However characterized, Mr. Glasser's expected testimony is simply not "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue," as contemplated by Fed. R. Evid. 702. Mr. Glasser must be excluded in advance of trial.

---

[1]   See Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC, 2010 U.S. Dist. LEXIS 66519 (E.D. Va. July 1, 2010) ("interpretation and application of the statute, however, improperly 'invade[s] the judge's province of instructing the jury' on the controlling law")(citation omitted). Expert "testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excluded under the Rules." See Woods v. Lecureux, 110 F.3d 1215, 1220 (6th Cir. 1997) (affirming trial court's refusal to allow expert to testify as to deliberate indifference of prison officials).

## CONCLUSION

Based on the foregoing, Plaintiff/Counterdefendant Builders Mutual Insurance Company

respectfully requests that its Motions in Limine be granted as to these three matters.


Date:   March 17, 2011                    Respectfully submitted,

                                          By Counsel

                                          SANDS ANDERSON PC


                                          _____/s/_____
                                          Danny M. Howell, Esquire (VSB No. 30352)
                                          dhowell@sandsanderson.com
                                          Mikhael D. Charnoff (VSB No. 43929)
                                          mcharnoff@sandsanderson.com
                                          Stephen M. Goldman (VSB No. 70482)
                                          sgoldman@sandsanderson.com
                                          Douglas A. Winegardner (VSB No. 46570)
                                          dwinegardner@sandsanderson.com
                                          Courtney S. Schorr (VSB No. 65971)
                                          cschorr@sandsanderson.com
                                          1497 Chain Bridge Road, Suite 202
                                          McLean, VA 22101
                                          703-893-3600 (telephone)
                                          703-893-8484 (facsimile)
                                          *Counsel for Plaintiff and Counterclaim Defendant,*
                                          *Builders Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2011, I will electronically file the foregoing Motions in Limine with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

W. Edward R. Spivey
Kristan B. Burch
R. Johan Conrod, Jr.
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: 757-624-3343
Facsimile: 757-624-3169
kbburch@kaufcan.com
*Counsel for Dragas Management Corporation;*
*Hampshires Associates, LC; and Dragas Associates X, LC*


John B. Mumford, Jr.
Kathryn E. Kransdorf
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Phone: (804) 967-9604
Fax: (804) 967-9888
jmumford@hdjn.com
kkransdorf@hdjn.com
*Counsel for Firemen's Insurance*
*Company of Washington, D.C.*


Thomas S. Garrett
Harman, Claytor, Corrigan & Wellman, PC
PO Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
tgarrett@hccw.com
*Counsel for Hanover Insurance Company and*
*Citizen's Insurance Company of America*

John Malloy
Robinson & Cole, LLP
280 Trumbell Street
Hartford, CT 06103
(860) 275-8200
(860) 275-8299
jmalloy@rc.com
*Counsel for Hanover Insurance Company and*
*Citizen's Insurance Company of America*


_____/s/_____
Mikhael D. Charnoff (VSB No. 43929)
1497 Chain Bridge Road, Suite 202
McLean, VA 22101
703-893-3600 (telephone)
703-893-8484 (facsimile)
*Counsel for Plaintiff and Counterclaim Defendant,*
*Builders Mutual Insurance Company*